JUDGE HOLWELL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**10 CV 4592**

-------------------------------------------------------------------X

SUYEN KERR,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. RAYMOND ABREU
(Shield 6060), DET. ARNALDO RIVERA (Shield 787),
and JOHN DOES 1-5,

                        Defendants.

-------------------------------------------------------------------X

**10 CV** _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 11 2010
U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiff **SUYEN KERR**, by her attorney, Joel Berger, Esq., for her complaint alleges, upon
information and belief, as follows:

### NATURE OF THE ACTION

     1.      This is an action to recover money damages arising out of the violation of plaintiff's

rights under the Constitution and laws of the United States and the State of New York, including

false arrest, false imprisonment and malicious prosecution, by employees of the New York City

Police Department (NYPD).

### JURISDICTION AND VENUE

     2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States.

     3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

     4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

     5.      This Court also has jurisdiction over plaintiff's state law claims, pursuant to its

pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.      On April 29, 2010, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.      At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.      This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### JURY DEMAND

9.      Plaintiff demands a trial by jury in this action.

### PARTIES

10.     Plaintiff **SUYEN KERR**, a 38 year-old African-American woman, is a citizen of the United States and a resident of New York State.  She has no criminal record of any kind.  For more than 30 years she has lived, without incident, at 247 West 61st Street, # 3D, New York, NY 10023 (the Amsterdam Houses of the NYC Housing Authority (NYCHA)).

11.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.   It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.     At all times relevant herein, defendants Raymond Abreu, Shield 6060, and Arnaldo Rivera, Shield 787, were police detectives employed by the NYPD, assigned to Narcotics Borough Manhattan North.   Abreu was formerly a police officer, Shield 14256, assigned to the same command.  He became a detective in October 2009.

13.     At all times relevant herein, defendants John Does 1-5 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names, shield and Tax ID number of defendants John Does 1-5.

14.     At all times relevant herein, defendants Abreu, Rivera and John Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

15.     At all times relevant herein, all defendants were all acting under color of state law.

### FACTS

16.     In the early morning hours (approximately 5:00 A.M.) on Tuesday, March 16, 2010, numerous NYPD officers including defendants raided plaintiff's dwelling.  They kicked in the door without first knocking or announcing their presence, severely frightening Ms. Kerr.

17.     The police presumably had a search warrant, but if so it was issued upon the basis of extremely unreliable information, and the police did not follow NYPD policy and procedures in determining i) to obtain the warrant and (ii) to execute it.  Had they followed such procedures, they would not have obtained or executed the warrant.

18.  The sole target of the raid, Ms. Kerr's son, Paul Kerr (age 17) had not even lived in the apartment from September 15, 2009 until March 8, 2010.

19.     The only drugs allegedly found inside Ms. Kerr's apartment were hidden in the left-side bedroom -- Paul Kerr's bedroom -- hidden in a shoe within that bedroom.

20.     No contraband was found on Ms. Suyen Kerr's person or in her bedroom, the right-side bedroom.

21.     No contraband was found in any common area of the apartment.

22.     The police arrested Paul Kerr.  However, despite the fact that no contraband was found on Suyen Kerr's person or in her bedroom or even in any common area of the apartment, the police arbitrarily and without probable cause arrested Ms. Kerr as well.

23.     Ms. Kerr was transported in handcuffs to a police precinct, where the police wrote up a spurious charge accusing her of Criminal Possession of a Narcotic Drug With Intent To Sell It (Penal Law § 220.16 (1)), a Class B Felony.

24.     Based upon this fraudulent charge, Ms. Kerr was eventually transported to Manhattan Central Booking.  She was photographed and fingerprinted like a common criminal.  She was handcuffed or kept in cells during her captivity.

25.     Ms. Kerr remained at Manhattan Central Booking until approximately 11:30 P.M. on March 17, 2010, at which time she was finally brought before a judge. The court, recognizing the extreme weakness of the charge, released her on her own recognizance.

26.     By the time Ms. Kerr was released, she had been incarcerated for approximately 42½ hours, nearly twice the presumptive 24-hour limit of state law established many years ago, *People ex rel. Maxian v. Brown*, 77 N.Y.2d 422, 568 N.Y.S.2d 575 (1991).

27.     After two additional court appearances the Manhattan District Attorney's Office realized that there was no basis for the charge against Ms. Kerr, and the Court, with the prosecution's consent, dismissed the charge on April 12, 2010 (Docket No. 2010NY020921, Part N, E. Coin, J.). A copy of the Certificate of Disposition is annexed to this Complaint.  A copy of the Felony Complaint, which on its face confirms that the only contraband, seven ziplock bags of crack/cocaine, was found "inside a shoe in the left side bedroom [*i.e.*, Paul Kerr's bedroom]," is also annexed.

28.    The Complaint was sworn to by Detective Arnaldo Rivera, Shield 787, Narcotics Borough Manhattan North, who in turn stated on the complaint that he was acting upon information obtained from Police Officer Raymond Abreu, Shield 14256 also of Narcotics Borough Manhattan North.   Abreu is in fact a Detective, promoted to that rank in October 2009, Shield 6060.

29.    Abreu, Rivera and their supervisors knew perfectly well, as experienced narcotics officers, that there could be no remotely plausible claim of constructive possession:  New York law is clear that constructive possession requires that the drugs be in "open view" and that the arrested person be "in close proximity" to them.  Penal Law § 220.25 (2).   The only contraband found in Suyen Kerr's apartment was hidden from view in another person's shoe, in that other person's bedroom -- and that other person had been living elsewhere for nearly six months until returning just eight days before the raid.

30.    The NYPD has a uniform policy and practice of arresting all adults in a raided apartment if any individual in the apartment is arrested.   Even if there are individuals in the apartment who did not possess any contraband and were not in close proximity to any contraband, and even where there was no contraband in plain view, the NYPD uniformly arrests all adults in the apartment.

31.    The uniform policy and practice alleged in ¶ 30, above, is especially prevalent in NYCHA buildings, and leads to eviction notices and hearings against arrested leaseholders accusing them of being undesirable tenants, even where prosecution was declined or the charges were dismissed.   Such a proceeding is pending at this time against Ms. Kerr. The NYPD actively participates in such NYCHA proceedings.

32.     As a result of the arrest, plaintiff Suyen Kerr was suspended immediately without pay from her job as a New York City Department of Education lunchroom helper (she was employed at P.S. 75, West End Avenue and 96th Street).  She was not reinstated until May 17, 2010, and as a result lost two months pay.  Her gross wages are $547.79 every two weeks.

### FIRST CLAIM FOR RELIEF

33.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32.

34.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

35.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 and 34.

36.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

37.     The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

38.     The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-30, 32 and 33-34 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article

I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

39.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32, 34, and 36-38.

40.     The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

41.     The conduct toward plaintiff alleged herein subjected her to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and loss of earnings.

### FOURTH CLAIM FOR RELIEF

42.   Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32, 34, 36-38, and 40-41.

43.   At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         June 11, 2010

JOEL BERGER
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:  192761

THE PEOPLE OF THE STATE OF NEW  YORK
                    VS

KERR,SUYEN S
Defendant

09/25/1971
Date of Birth

247 WEST 61 STREET
Address

9583806Y
NYSID Number

NY                         NY
City             State  Zip

03/16/2010
Date of Arrest/Issue

Docket Number: 2010NY020921

Summons No:

220.16
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|---|---|---|---|
| 04/12/2010 | DISMISSED AND SEALED | COIN,E | N |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY          _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

      I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

MONTAGUE,G
COURT OFFICIAL SIGNATURE AND SEAL

04/13/2010
DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)



SEALED

pursuant to Section 160.50 of the CPL

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Page 1 of 2

| THE PEOPLE OF THE STATE OF NEW YORK | FELONY |
|---|---|
| -against- | ADA GIULIANO |
| | 815-0190 |
| 1. Paul Kerr (M 17)   ECAB # | |
| 2. Suyen Kerr (F 38)   1088859 | |
| Defendants. | |

Detective Arnaldo Rivera, shield 00787 of the Narcotic Boro Manhattan North, states as follows:

On March 16, 2010, at about 06:00 hours inside of 247 West 6st Street,, Apartment 3D in the County and State of New York, the Defendants committed the offenses of:

1.   PL220,16(1)   Criminal Possession Controlled Substance in the Third Degree
(defendant #1: 1 count)
(defendant #2: 1 count)

the defendants knowingly and unlawfully possessed a narcotic drug with intent to sell it.

The offenses were committed under the following circumstances:

Pursuant to a lawfully executed Search warrant Deponent is informed by Police Officer Raymond Abreu, shield 14256, of Narcotics Boro Manhattan North, that informant recovered the following:

1) 7 ziplock bags of crack/cocaine, from inside of a shoe in the left side bedroom of the above mentioned location

Deponent further states he is informed by informant that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows:  his/her professional training as a police officer in the identification of drugs, his/her prior experience as a police officer in drug arrests, observation of the packaging which is characteristic of this type of drug and a field test of substance which confirmed that the substance is in fact what it is alleged to be.

Deponent further states that the defendants exercised dominion and control over the above mentioned location as he is informed by informant that informant recovered

Fax Server                    3/17/2010 10:39:39 AM   PAGE   3/003   Fax Server

# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against- | Page 2 of 2<br>FELONY<br>ADA GIULIANO<br>815-0190 |
| 1. Paul Kerr (M 17)          ECAB #<br>2. Suyen Kerr (F 38)          1098839 | |
| | Defendants. |

personal belongings for Defendant Paul Kerr in the left side bedroom of the above
mentioned location. Informant further recovered a key and personal belongings for
Defendant Suyen Kerr from the right side bedroom

**False statements made herein are punishable as a class A misdemeanor pursuant to
section 210.45 of the penal law.**

_____            3/17/10   1055
Deponent                             Date and Time

ACM5 Version 4.3.5 Created on 03/17/10 10:39 AM