USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/11

RECEIVED
JAN 24 2011
CHAMBERS OF
RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUYEN KERR,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, DET. RAYMOND
ABREU (Shield 6060), DET. ARNALDO RIVERA
(Shield 787), and JOHN DOES 1-5,

                         Defendants.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CIV 4592 (RJH)

       **WHEREAS**, plaintiff commenced this action by filing a complaint on or about June 11, 2010, alleging that the defendants violated plaintiff's civil rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

       2.    The City of New York hereby agrees to pay plaintiff Suyen Kerr the sum of **SEVENTY FIVE THOUSAND DOLLARS ($75,000.00)** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal with prejudice of all the claims against the defendants, the City of New York, Detective Raymond Abreu and Detective Arnoldo Rivera and the individuals

named herein as "JOHN DOES 1-5" to release and discharge all defendants, and any present or former employees and agents of the City of New York, or any agency thereof, including, but not limited to, the New York City Police Department from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants the City of New York, Detective Raymond Abreu and Detective Arnoldo Rivera and the individuals named herein as

"JOHN DOES 1-5," regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
12/14/__, 2010

Joel Berger, Esq.
Joel Berger Attorney at Law
360 Lexington Avenue
New York, New York 10017
Tel: 212 687 4911; Fax: 212 687 1406
Email: JBerger1955@aol.com

By: _____ 12/9/2010
Joel Berger, Esq.
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Ahren and Rivera*
100 Church Street, Rm. 3-217
New York, New York 10007
(212) 513-0462

By: _____
Katherine E. Smith
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. JUDGE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

2/1/11

3